UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JUAN A. SANCHEZ-TORRES,**
          Petitioner,

    v.                                          Case No. 09-C-0715

**JUDY P. SMITH, Warden, Oshkosh**
**Correctional Institution,**
          Respondent.

## DECISION AND ORDER

Juan A. Sanchez-Torres filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction was imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of sexual assault of a child and related offenses. Before me now are respondent's motion to dismiss the entire petition on the ground that it contains unexhausted claims and respondent's alternative motion to dismiss grounds three and four of the petition on their merits.

### I. PROCEDURAL HISTORY

After petitioner was convicted, he filed a post-conviction motion with the trial court in which he asserted that his trial counsel was ineffective. In that motion, he raised the three errors that form the basis of the first three grounds of his habeas petition. (He also raised other issues, but none of them are relevant to the present case.) First, he argued that his trial counsel was ineffective because he did not object when the prosecutor read at trial the testimony given by one of the victims at the preliminary hearing. Second, he argued that his trial counsel was ineffective because he did not object to the admission of a police officer's testimony about statements the victims had made to him during his

investigation. Third, petitioner argued that his trial counsel was ineffective because he stipulated to facts regarding what a doctor who examined the victims would have testified to had the doctor been called as a witness without first investigating those facts to make sure they were accurate. The trial court rejected these claims.

Petitioner then appealed to the Wisconsin Court of Appeals and raised these claims. The court of appeals affirmed. Petitioner then sought review in the Wisconsin Supreme Court. However, petitioner (who was represented by counsel) raised only two of the three claims he had raised in the court of appeals – that counsel erred in not objecting to the admission of the preliminary hearing testimony and that counsel erred in not objecting to the police officer's testimony. Petitioner did not raise his claim that counsel erred in stipulating to facts regarding medical testimony without first investigating those facts. On May 12, 2009, the Wisconsin Supreme Court denied review.

Petitioner filed his federal habeas petition on July 22, 2009. The petition raises four claims. The first three claims are the three ineffective assistance claims that petitioner raised in the state trial court and court of appeals. His fourth claim alleges that "counsel" (it is not clear whether he means defense counsel or the prosecutor) committed "unprofessional errors" by referencing the events of September 11, 2001 during closing arguments. (Pet. at p. 9.) Petitioner alleges that this reference caused the jury to conclude that he was a "911 terrorist" and to convict him of all crimes charged regardless of whether he was actually guilty. (Id.) Petitioner never raised this claim in state court. (Id.)

Respondent moves to dismiss the entire petition as "mixed" on the ground that petitioner has not exhausted his fourth claim. Alternatively, respondent moves to dismiss the fourth claim on the ground that it fails to state a claim on which habeas relief may be

2

granted. Also alternatively, respondent moves to dismiss the third claim on the ground that petitioner procedurally defaulted it by not including it in his petition for review to the Wisconsin Supreme Court.

## II. DISCUSSION

To be eligible for federal habeas relief, a petitioner must exhaust his claims by "fairly present[ing]" them through "one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004); see also 28 U.S.C. § 2254(b)(1). In the present case, petitioner did not exhaust the fourth claim in his habeas petition because he never presented it to any state court.[1] Although petitioner has exhausted the first three claims in his petition, a federal court cannot adjudicate a "mixed" petition – that is, a petition containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). Nonetheless, even if a petition is mixed, the court may dismiss the unexhausted claims if they fail on their merits. 28 U.S.C. § 2254(b)(2); Galowski v. Murphy, 891 F.2d 629, 637 n.12 (7th Cir. 1989).

Respondent argues that petitioner's fourth claim may be dismissed on the merits because it fails to state a claim on which habeas relief may be granted. I agree. Petitioner's claim that "counsel's" reference to September 11, 2001 somehow led the jury to conclude that he was a terrorist is implausible. According to the facts pleaded in the

---

[1]Respondent has not argued that petitioner procedurally defaulted this claim. Presumably, this means that respondent thinks that petitioner can return to state court and exhaust this claim, possibly in a post-conviction motion. See 28 U.S.C. § 2254(c) (providing that petitioner has not exhausted state remedies so long as he can raise the question presented by any available procedure).

3

petition, counsel merely asked the jurors "where they were on September 11, 2001." (Pet. at p. 9.) Construing the petition liberally and assuming that petitioner means to allege that it was defense counsel who made this statement, these allegations are insufficient to state a claim for ineffective assistance of counsel. Even if making this statement amounted to deficient performance under Strickland v. Washington, petitioner could not satisfy the "prejudice" prong of the ineffective-assistance inquiry because the statement was so innocuous that it could not possibly have affected the outcome of the trial. 466 U.S. 668, 694 (1984). Therefore, petitioner's fourth claim will be dismissed on the merits.

Respondent also moves to dismiss petitioner's third claim on the ground that he procedurally defaulted it by failing to raise it in his petition for review to the Wisconsin Supreme Court. A petitioner procedurally defaults a claim when he exhausts his state remedies but fails to present the claim at each level of state-court review. Lewis, 390 F.3d at 1026. Here, petitioner does not dispute that he failed to raise his third claim in the Wisconsin Supreme Court, and therefore I conclude that he has procedurally defaulted it.

A procedural default will bar federal habeas relief unless the petitioner can demonstrate either both cause for and prejudice stemming from the default or that the denial of relief will result in a miscarriage of justice. Id. To show that the denial of relief will result in a miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the offense for which he was convicted. Id. Petitioner does not attempt to demonstrate cause for or prejudice stemming from the default of his third claim. However, construing his arguments liberally, I conclude that petitioner has argued that the denial of relief will result in a miscarriage of justice because he is actually innocent. See Br. in Supp. of Pet. at 3 ("It is not an overstatement to suggest that the convictions of Mr. Juan

4

A. Sanchez-Torres is among the most intolerable injustice[s] committed in the history of the Wisconsin Judicial System. There is simply no evidence that Mr. Sanchez-Torres committed these crimes, much less any evidence that prove his guilt beyond a reasonable doubt.").

Because petitioner has argued actual innocence, I cannot at this time dismiss his third claim on the basis of procedural default. The Supreme Court has held that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief" before considering the allegations of actual innocence. Dretke v. Haley, 541 U.S. 386, 393-94 (2004). Here, the petition contains two nondefaulted ineffective assistance claims, and success on either of those claims might obviate the need to consider petitioner's claim of actual innocence. Therefore, pursuant to Dretke, I must resolve the nondefaulted claims before turning to petitioner's allegation of actual innocence. Accordingly, I will not dismiss petitioner's third claim at this time. Instead, I will schedule proceedings relating to the merits of petitioner's nondefaulted claims.

### III. MOTION TO APPOINT COUNSEL

Petitioner has filed a letter in which he asks the clerk of court to send him information that will assist him in prosecuting this case. He indicates that he would not need this information if he could get assistance from the public defender. The clerk of court docketed this letter as a motion to appoint counsel. (Docket #5.) Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma

5

pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

In the present case, petitioner has not demonstrated that he has made a reasonable attempt to obtain counsel on his own. For this reason, his request for appointed counsel will be denied without prejudice. Petitioner may renew his request if he contacts at least three attorneys and those attorneys decline to take his case.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that respondent's motion to dismiss the entire habeas petition and her motion to dismiss ground three of the petition are **DENIED**.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss ground four of the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike is **DENIED**.

**IT IS FURTHER ORDERED** that the respondent **ANSWER** the petition within thirty (30) days of the date of this order.

**FINALLY, IT IS ORDERED** that the following briefing schedule is entered with respect to the merits of petitioner's nondefaulted claims (grounds one and two of the

6

petition) and petitioner's claim of actual innocence: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limits apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and the reply brief must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 27 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge